# In the United States Court of Federal Claims

No. 25-511
(Filed: October 28, 2025)

```
* * * * * * * * * * * * * * * * *
                                 *
JAMES DEAN NAGY,                 *
                                 *
              Plaintiff,         *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

*James Dean Nagy, pro se*, of Highland, CA.

*Matthew D. Lewis*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff, James Dean Nagy, filed a complaint on March 19, 2025, seeking monetary relief from alleged civil rights violations, including the wrongful deprivation of Supplemental Security Income ("SSI") by two Social Security Administration ("SSA") offices. In response, the government filed a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") or, alternatively, for failure to state a claim under RCFC 12(b)(6). As explained below, the Court lacks subject matter jurisdiction; therefore, the government's motion to dismiss is granted.

## BACKGROUND

On March 19, 2025, Plaintiff filed this action against the United States. ECF No. 1. In addition to vague claims of civil rights violations, Plaintiff alleges the intentional deprivation of SSI benefits by SSA offices in San Bernadino, California, and Baltimore, Maryland.[1] *Id.* at 1–2. While the factual bases of the complaint are difficult to discern, the relief Plaintiff seeks is

---

[1] Plaintiff lists the laws and constitutional provisions the defendants allegedly violated in his complaint, including 42 U.S.C. §§ 1983, 1986, and CAL. CONST. art. I, §§ 3(a), 7(a). *See* ECF No. 1 at 1–2.

marginally clearer: "six months of back pay for the missing payments the socail [sic] security emplyee [sic] intentionally deprived from me," *id.* at 3, and $5,720, ECF No. 1-1.[2]

In his complaint, Plaintiff indicates that he had previously brought suit in the Central District of California, referencing Case No. 25-582. ECF No. 1 at 2. In that complaint—filed March 1, 2025—Plaintiff asserted largely the same claims that he asserts here, alleging malfeasance by SSA employees and seeking retroactive SSI payments. *See Nagy v. Soc. Sec. Admin.*, No. 25-cv-582 (KK-KS), 2025 WL 1240767, at *1 (C.D. Cal. Mar. 24, 2025).

Responding to Plaintiff's present complaint, the government filed a motion to dismiss for (1) lack of subject matter jurisdiction under RCFC 12(b)(1); and (2) failure to articulate a plausible claim for relief under RCFC 12(b)(6). ECF No. 9 at 1. In its motion, the government observes that while the Tucker Act waives sovereign immunity for non-tortious causes of action mandating money damages, the Act itself does not create any enforceable substantive rights. *Id.* at 2 (first quoting *Schneiter v. United States*, 159 Fed. Cl. 356, 366 (2022); then quoting *United States v. Testan*, 424 U.S. 392, 398 (1976)). Therefore, argues the government, to establish that this Court possesses jurisdiction to hear his claims, Plaintiff has the burden of identifying a separate source of substantive law that creates a right to money damages—a burden the government argues Plaintiff has not met. *Id.* at 2-3 (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc)). Furthermore, the government contends that Plaintiff failed to sufficiently plead the facts of his case, stating that his complaint "does not articulate all the material elements [] of any of the numerous causes of actions referenced in the complaint" and is instead "filled with numerous undeveloped allegations . . . ." *Id.* at 3 (citation modified). In his response to the government's motion to dismiss, Plaintiff reiterates the arguments from his complaint. ECF No. 11.

## DISCUSSION

**A.     Legal Standard**

The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction and, accordingly, must dismiss any claim that does not fall within its subject matter jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Under the Tucker Act, the Court may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *Ferreiro v. United States*, 501 F.3d 1349, 1351 (Fed. Cir. 2007)). Rather, to survive dismissal, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.*

---

[2] However, as the government highlights, it is not evident whether these requests are distinct or are one and the same. ECF No. 9 at 1–2. Additionally, the amount sought appears to fluctuate in Plaintiff's later briefing. *See* ECF No. 10 at 2.

Although the Court holds a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

In addition to the requirement that a claim be based on a money-mandating source of law, a claim may also face jurisdictional dismissal if it runs afoul of 28 U.S.C. § 1500, which provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

Section 1500 "was enacted to prevent a claimant from seeking recovery in district court and the Court of Claims for the same conduct pleaded under different legal theories." *Trusted Integration, Inc. v. U.S.*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Therefore, when considering a motion to dismiss under section 1500, this Court must make two inquiries: "(1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." *Resource Invs., Inc. v. United States*, 785 F.3d 660, 664 (Fed. Cir. 2015) (quoting *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013)).

Even if a plaintiff establishes subject matter jurisdiction, the Court must nonetheless dismiss the claim under RCFC 12(b)(6) if a plaintiff fails to "plead[ ] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). Therefore, a complaint lacking sufficient, well-pleaded facts to "establish all elements of the cause of action" must be dismissed for failure "to state a claim on which relief can be granted." *Fisher*, 402 F.3d at 1175–76.

**B.     Analysis**

Plaintiff's complaint is beyond this Court's subject matter jurisdiction. First, Plaintiff's complaint indicates that its filing ran afoul of the prohibition in 28 U.S.C. § 1500, as Plaintiff had a directly related case pending in district court at the time of the filing of his case here. *See* ECF No. 1 at 2. In applying the first prong of a section 1500 analysis, the Supreme Court has held that pendency is determined by "the state of things at the time the action is brought." *Keene Corp. v. United States*, 508 U.S. 200, 207 (1993) (citing *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539 (1824)). Thus, the Court is precluded from exercising jurisdiction "over the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to' the same claim." *Id*. at 209 (footnote omitted). Here, Plaintiff filed suit in the U.S. District Court for the Central District of California on March 1, 2025, and that action was still pending in district court when he filed his complaint in this Court on March 19, 2025. *See* ECF No. 1.

Turning to the second prong, the Supreme Court instructs that "[t]wo suits are for or in respect to the same claim . . . if they are based on substantially the same operative facts, regardless of the relief sought in each suit," *United States v. Tohono O'odham Nation*, 563 U.S. 307, 317 (2011), or the legal theories asserted, *Keene*, 508 U.S. at 212. Here, Plaintiff alleges the same harm and seeks the same relief in both actions. *Compare* ECF No. 1 at 2 (alleging malfeasance by SSA employees and seeking retroactive SSI compensation), *with Nagy*, 2025 WL 1240767, at *1 ("The Complaint sues an unnamed employee of the Social Security Administration ("SSA") under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for withholding supplemental security income ("SSI") benefits."). In sum, at the time the present complaint was filed, claims for SSI benefits arising out of the same operative facts were pending in district court; as a result, 28 U.S.C. § 1500 bars jurisdiction and dismissal under RCFC 12(b)(1) is warranted.

Second, even if Plaintiff's complaint were not barred by section 1500, it would nonetheless face dismissal under RCFC 12(b)(1) for failure to establish that this Court possesses subject matter jurisdiction. As the government's motion to dismiss points out, "[e]ven with a liberal reading of the complaint, Mr. Nagy's claims do not sufficiently allege any express or implied-in-fact contract with the United States or any money-mandating provision of law." ECF No. 9 at 2. Instead, "Mr. Nagy's alleged harm derives from civil rights theories, including civil rights claims under California state law, which are claims not within the jurisdiction of the Court." *Id.* at 3.

Finally, regardless of whether Plaintiff's complaint survived a RCFC 12(b)(1) dismissal, it would still be extinguished by RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Here, the government correctly argues that Plaintiff's complaint fails to "articulate all the material elements for [ ] any of the numerous causes of actions referenced" and instead is "filled with numerous undeveloped allegations . . . ." ECF No. 9 at 3 (citation modified). Because Plaintiff's complaint lacks the requisite factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), it would nonetheless require dismissal for failure to state a claim irrespective of its jurisdictional defects.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss. Plaintiff's complaint is dismissed for lack of subject matter jurisdiction. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

    s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge